FILED

05/08/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0262

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
(406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF JENNIFER WEBBER, | Supreme Court No. |
| An Attorney at Law, | ODC File Nos. 19-094 and 20-010 |
| Respondent. | **COMPLAINT** |
| | **Rules 1.3, 1.4, 1.5, 1.15, 1.16, 1.18, 3.2, MRPC** |

By leave of the Commission on Practice granted on April 23, 2020, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Jennifer Webber with professional misconduct as follows:

**General Allegations**

1. Jennifer Webber, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2013, at which time she took the oath required for admission, wherein she agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

*Complaint* - Page 1

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

**Count One**
**(ODC File No. 19-094)**

3. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count One.

4. James Weber and his wife ("Webers") retained Respondent in March 2019 to assist in their estate planning. Webers paid Respondent a $2,700 retainer. Time was of the essence.

5. At their initial meeting, Webers gave Respondent all pertinent and necessary information to begin drafting the estate planning documents.

6. Respondent failed to prepare or complete the estate planning documents for the Webers; she did not provide any work product or send a billing statement.

7. Webers were forced to hire another lawyer, who prepared their estate planning documents within days and charged $855.

8. Respondent's failure to represent her clients with reasonable diligence to carry out the representation constitutes a violation of Rule 1.3, MRPC.

**Count Two**
**(ODC File No. 19-094)**

9. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 7 of Count One as if fully restated in this Count Two.

///

*Complaint* - Page 2

10. Despite calling and emailing Respondent on numerous occasions, Webers heard nothing from her until May 4, 2019 after they requested a refund of the unearned portion of the retainer and the return of their original documents.

11. On May 4, 2019, Respondent informed Webers of her recent health issues and offered to deliver the final draft of their estate planning documents. Webers agreed to meet on the day Respondent suggested and requested she confirm.

12. Respondent failed to respond to Webers' email, failed to meet Webers, and failed to provide the documents, which she asserted were completed.

13. Webers and their daughter made several additional attempts to contact Respondent without success.

14. In their last correspondence, Webers again demanded a refund of the unearned retainer and their original documents from Respondent. She failed to respond.

15. Respondent violated Rule 1.4, MRPC, for failing to reasonably communicate with Webers and respond to their inquiries.

### Count Three
### (ODC File No. 19-094)

16. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraphs 4 through 7 of Count One, and paragraphs 10 through 14 of Count Two as if fully restated in this Count Three.

17. Respondent collected a $2,700 retainer from Webers but failed to perform or complete the legal services for which she was hired.

18. Respondent failed to refund all or a portion of the retainer, despite Webers' requests.

///

*Complaint* - Page 3

19. Webers sought and obtained a default judgment against Respondent for return of their full retainer payment and original documents, plus costs expended, for a total of $2,805. Respondent has failed to pay the judgment and return Webers' original documents.

20. Respondent violated Rule 1.5(a) by collecting an unreasonable fee from Webers and failing to complete legal services.

21. Respondent violated Rule 1.16(d), MRPC, for failing to return Webers' original documents and refund the unearned fees.

## Count Four
### (ODC File No. 19-094)

22. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraphs 4 through 6 of Count One, and paragraph 17 of Count Three, as if fully restated in this Count Four.

23. Respondent failed to provide a written fee agreement or other writing memorializing the fee arrangement, including the scope of representation and basis or rate of the fee in violation of Rule 1.5(b), MRPC.

## Count Five
### (ODC File No. 19-094)

24. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraphs 4 through 7 of Count One, and paragraphs 11 through 12 of Count Two, as if fully restated in this Count Five.

25. After Webers inquired about the status of their matter, Respondent informed Webers she was having health problems, which caused the delay and lack of communication. She offered to deliver the documents she asserted were complete. She failed to do so and did not contact Webers again.

26. Respondent notified ODC she was having health problems.

*Complaint - Page 4*

27.     Respondent failed to withdraw from representing the Webers when she became aware her health issues impaired her ability to represent her clients diligently and to reasonably communicate with them, which constitutes a violation of Rule 1.16(a), MRPC.

## Count Six
### (ODC File No. 19-094)

28.     ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraphs 4 through 7 of Count One, paragraphs 10 and 14 of Count Two, and paragraphs 17 through 19 of Count Three, as if fully restated in this Count Six.

29.     Webers paid Respondent's retainer fee in March 2019. Respondent's IOLTA trust account had a zero balance throughout the months of March and April 2019.

30.     On May 1, 2019, Respondent transferred $550 from her operating account into her IOLTA trust account. No other funds were deposited or transferred into the IOLTA trust account. On June 17, 2019, those funds were later transferred back to her operating account, leaving a zero balance in the IOLTA.

31.     Between June 17 through the end of December 2019, there was no other account activity with the exception of interest.

32.     Respondent violated Rules 1.15 and 1.18, MRPC, by failing to deposit Webers' retainer payment into her IOLTA trust account and maintain it in the account until it was earned.

## Count Seven
### (ODC File No. 20-010)

33.     ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count Seven.

34. In April 2019, Janice and Randy Gill ("Gills") hired Respondent to assist them in seeking guardianship of Randy's mother, L.M.G., and conservatorship over her estate. Gills paid Respondent $100 cash at their initial meeting for the filing fee and subsequently paid $2,500 by credit card for Respondent's retainer.

35. Gills expressed to Respondent the matter was urgent due to specific family dynamics. They were already acting as L.M.G.'s primary caregivers.

36. On April 11, 2019, Respondent filed a Petition for Temporary and Full Guardianship and Conservatorship and filed the temporary letters on April 12. The same day, the Court issued orders appointing a physician, visitor, attorney, and Gills as co-guardians/conservators. The temporary conservatorship/guardianship would expire October 12, 2019.

37. Over the next six months, Gills attempted to contact Respondent numerous times by phone calls, text messages, and emails, succeeding on only one occasion.

38. Respondent filed a motion to extend the temporary guardianship on September 12, 2019. On September 24, 2019, the Court granted the motion and extended the temporary guardianship/conservatorship and scheduled a hearing for November 7, 2019. Respondent failed to notify Gills of the hearing.

39. Gills were forced to hire and pay a new attorney, Andrew Billstein ("Billstein"), to complete the guardianship/conservatorship matter. Billstein's firm charged Gills $500 plus costs.

40. On October 25, 2019, Billstein attempted to contact Respondent and requested she sign and return the attached notice of substitution of counsel. Time was of the essence, as the hearing was approaching and Billstein needed to request a continuance. Respondent failed to timely respond. Billstein was forced to seek

substitution without Respondent's cooperation, causing delay.

41. After the December 5, 2019 hearing, Gills were appointed full co-guardians and co-conservators.

42. Respondent violated Rules 1.3 and 3.2, MRPC, by failing to act with reasonable diligence or make reasonable efforts to expedite Gills' petition for guardianship/conservatorship consistent with their interests.

43. Respondent violated Rule 1.4, MRPC, by failing to keep her clients reasonably informed or to respond to Gills' inquiries about the status of the matter.

## Count Eight
### (ODC File No. 20-010)

44. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 34 through 40 of Count Seven as if fully restated in this Count Eight.

45. On April 5, 2019, Respondent collected a $2,500 retainer from Gills but failed to complete the legal services for which she was hired.

46. By letter dated January 2, 2020, Billstein advised Respondent he and his firm completed the guardianship/conservatorship matter for Gills and encouraged her to refund any unearned fees Gills paid her. Respondent did not respond.

47. In their January 31, 2020 grievance to ODC, a copy of which Respondent received, Gills stated they wanted a retainer refund of at least $2,000.

48. In her March 27, 2020 email to ODC, Respondent admitted she owed Gills a partial refund.

49. By collecting a retainer from Gills and failing to complete the services for which she was hired, Respondent charged an unreasonable fee in violation Rule

1.5(a), MRPC.

50. Respondent's failure to return property belonging to Gills (a retainer refund for unearned fees) constitutes a violation of Rule 1.16(d), MRPC.

## Count Nine
### (ODC File No. 20-010)

51. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 34 through 40 of Count Seven as if fully restated in this Count Nine.

52. Respondent asserted her health issues affected her ability to complete the legal services for which she was hired and to respond to Gills' and Billstein's attempts to contact her, causing delay.

53. When it became clear she could not fulfill her duties, Respondent was obligated to withdraw from representation and refund any unearned fees.

54. Respondent failed to withdraw from representing the Gills when she became aware her health issues impaired her ability to represent her clients diligently, to expedite the guardianship/conservatorship matter, and to reasonably communicate with them, which constitutes a violation of Rule 1.16(a), MRPC.

## Count Ten
### (ODC File No. 20-010)

55. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraphs 34 through 40 of Count Seven, and paragraphs 45 through 48 of Count Nine, as if fully restated in this Count Ten.

56. Gills paid Respondent's $2,500 retainer fee on April 5, 2019. Respondent's IOLTA trust account had a zero balance at the end of April 2019. Respondent failed to deposit the retainer into her IOLTA trust account.

57. On May 1, 2019, Respondent transferred $550 from her operating

*Complaint* - Page 8

account into her IOLTA trust account. No other funds were deposited or transferred into the IOLTA trust account. On June 17, 2019, those funds were later transferred back to her operating account, leaving a zero balance in the IOLTA.

58. Between June 17 through the end of December 2019, there was no other account activity with the exception of interest.

59. Respondent violated Rules 1.15 and 1.18, MRPC, by failing to deposit Gills' retainer payment into her IOLTA trust account and maintain it in the account until it was earned.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty (20) days after service thereof, to file a written answer to the Complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 8th day of May, 2020.

OFFICE OF DISCIPLINARY COUNSEL

By: _Pamela D. Bucy_
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 9